IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| VALERIE RANKIN and<br>LAURA WILLIAMS,<br><br>              Plaintiffs,<br>vs.<br><br>DARRELL JULIAN and DARRELL<br>JULIAN CONSTRUCTION, INC.,<br><br>              Defendants. | No. CIV 96-1655 PK/DJS |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendants' Motion in Limine to exclude Amy Oppenheimer as an expert witness filed April 1, 1998 (doc. 46).  The court, being fully advised in the premises, finds that the motion is not well taken and should be denied; however, her testimony should be limited as discussed below.  Of course, admissibility depends upon context and purpose, both of which will be clearer at trial, so counsel are reminded of the importance of renewing objections at trial to avoid ambiguity and to assure that such objections, if not sustained, are preserved.  See United States v. Mejia-Alarcon, 995 F.2d 982, 988 (10th Cir.), cert. denied, 510 U.S. 927 (1993).

Previously, in response to Plaintiffs' motion in limine, the court ruled that Defendants' expert witness cannot testify as to matters of credibility, and reserved ruling on other issues concerning the admissibility of her testimony.  See Order filed March 26,

1998, at 1-2 (doc. 42).  In this motion, Defendants seek to exclude Plaintiffs' expert testimony on the following grounds: (1) it improperly invades the province of the jury, (2) it improperly invades the province of the court by stating the law and instructing the jury on how to apply the law to the facts, (3) it will not assist the jury but will confuse the issues and mislead the jury, and (4) its probative value is substantially outweighed by the danger of unfair prejudice.

Expert testimony is admissible if the witness is qualified and her testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702; see Compton v. Subaru of America, Inc., 82 F.3d 1513, 1518-19 (10th Cir.), cert. denied, 117 S. Ct. 611 (1996).  Testimony which states the law or draws legal conclusions is not properly helpful to the jury.  See A.E. ex rel. Evans v. Independent Sch. Dist. No. 25, 936 F.2d 472, 476 (10th Cir. 1991).  Thus, Plaintiffs' expert may not testify as to the law of sexual harassment.  Specifically, testimony that a company must have written sexual harassment policies would be improper.  Likewise, testimony as to legal conclusions or the meaning of legal terms would be improper.  See Burkhart v. Washington Metro. Area Transit Auth., 112 F.3d 1207, 1212-13 (D.C. Cir. 1997).  Where legal terms have a specialized meaning different from common usage, expert testimony as to the terms does not properly assist the trier of fact.  See id.  Thus it was improper, in a Title VII case, for an expert to testify as to whether the plaintiff "had been discriminated against because of her national origin." Torres v. County of Oakland, 758 F.2d 147, 151 (6th Cir.1985).  Likewise, the expert in this case may not testify as to whether "sexual

harassment" occurred.

Plaintiffs' expert may testify as to any mechanism in place to receive and handle sexual harassment complaints, and the adequacy of any such mechanisms, provided an appropriate foundation is laid. See Corneveaux v. CUNA Mut. Ins. Group, 76 F.3d 1498, 1505 (10th Cir. 1996). She may not testify that Defendants had a duty under the law to implement written sexual harassment policies or training programs. See 29 C.F.R. § 1604.11(f) (1997). The lack of preventive measures in this case simply was never raised in the complaint or the pretrial order. Counsel are reminded that remaining expert testimony is subject to the limits of Rule 403. See United States v. Call, 129 F.3d 1402, 1405 (10th Cir. 1997) (affirming exclusion of expert testimony on Rule 403 grounds), petition for cert. filed, No. 97-8142 (March 3, 1998).

Counsel have presented differing views on the whether the standard for hostile work environment harassment differs from one business to another. What the law requires in this area would not be a proper subject for expert testimony. However, to the extent that testimony regarding the use and appropriateness of sexual harassment policies is affected by this issue, the following may be helpful. The Supreme Court has recently reiterated that harassment is to be determined in view of "'all the circumstances,'" and "that inquiry requires careful consideration of the social context in which particular behavior occurs . . . ." Oncale v. Sundowner Offshore Servs., Inc., 118 S. Ct. 998, 1003 (1998) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993)). This is consistent with the Tenth Circuit's holding that conduct and speech which might be unacceptable in

white-collar settings does not offend Title VII in the construction industry. See Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1537-38 (10th Cir. 1995). By the same token, conduct acceptable on a job site may not be acceptable in an office environment. See Oncale, 118 S. Ct. at 1003 (stating in dictum that football coach may engage in different conduct with players on the sidelines of the field than he may with the secretary in his office). Accordingly, the type of business and nature and function of the office are also relevant.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Defendants' Motion in Limine to exclude Amy Oppenheimer as an expert witness filed April 1, 1998 (doc. 46) is denied without prejudice; however, her testimony shall be limited in accordance with this order.

DATED this  4th  day of May 1998, at Santa Fe, New Mexico.

*/s/ Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation