IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| VALERIE RANKIN and<br>LAURA WILLIAMS,<br><br>　　　　Plaintiffs,<br>vs.<br><br>DARRELL JULIAN and DARRELL<br>JULIAN CONSTRUCTION, INC., a<br>Texas Corporation doing business in New<br>Mexico,<br><br>　　　　Defendants. | No. CIV 96-1655 PK/DJS |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Plaintiffs' Motion to Amend Judgment filed June 9, 1998 (doc. 77). See Fed. R. Civ. P. 59(e). The court, being fully advised in the premises, finds that the motion is not well taken and should be denied.

Plaintiffs first contend that the money judgment in their favor and against the Defendant employer filed June 1, 1998 (doc. 76), should be amended to award Plaintiffs attorney's fees, as prevailing parties under 42 U.S.C. § 2000e-5(k) and N.M. Stat. Ann. § 28-1-13(D) (Michie 1996 Repl. Pamp.). Attorney's fees are collateral to the merits judgment, and Fed. R. Civ. P. 54(d)(2)(A)-(B) and D.N.M. LR-Civ. 54.5 provide for a postjudgment motion seeking such relief. Several reasons support not including an unliquidated award of attorney's fees in the merits judgment. First, it can create

confusion concerning the time to appeal, particularly where a Fed. R. Civ. P. 59(e) motion is filed.  See Utah Women's Clinic, Inc. v. Leavitt, 75 F.3d 564 (10th Cir. 1995), cert. denied, 518 U.S. 1019 (1996).   Second, although ordinarily a prevailing plaintiff will recover attorney's fees, the possibility exists that special circumstances would make such an award unjust.  See Hensley v. Eckerhart, 461 U.S. 424, 429 (1983).  Third, the amount of fees has not been determined, so a judgment would not put the matter to rest.  Accordingly, the court declines to amend the merits judgment to include an unspecified award of attorney's fees.[1]

Plaintiffs next argue that the judgment should be amended to provide for joint and several liability against both Defendants, the employer Darrell Julian Construction, Inc., and its sole shareholder and president, Darrell Julian.  There is no question that the Defendant corporation as employer is responsible for any harassing conduct of Defendant Julian.  See Faragher v. City of Boca Raton, No. 97-282, 1998 WL 336322, *10 (U.S. June 26, 1998).  However, whether Defendant Julian is a proper Defendant under federal antidiscrimination law is another matter.  Plaintiffs acknowledge Tenth Circuit authority reaffirming that Title VII relief lies only against the employer, see Haynes v. Williams, 88 F.3d 898 (10th Cir. 1996).  Although Plaintiffs were able to avoid this limitation through this court's supplemental jurisdiction over the New Mexico Human Rights Act claim against Defendant Darrell Julian, see N.M. Stat. Ann. § 28-1-7(I) (Michie 1996

---

[1] Plaintiffs request to amend the judgment to include attorney's fees contained in their letter to the court dated June 4, 1998 is likewise denied.

Repl. Pamp.), the jury rejected individual liability for Defendant Darrell Julian on special interrogatories.

Plaintiffs also argue for individual liability based upon the New Mexico definition of "employer" as "any person employing four or more persons and any person acting for an employer." Id. § 28-1-2(B). Defendants are correct that the purpose of such language is to insure that the courts will impose respondeat superior liability on employers for acts of agents. See EEOC v. AIC Sec. Investigations, Ltd., 55 F.3d 1276, 1281 (7th Cir. 1995) (ADA); Birkbeck v. Marvel Lighting Co., 30 F.3d 507, 510 (4th Cir.) (ADEA), cert. denied, 513 U.S. 1058 (1994); Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir. 1993) (ADEA), cert. denied, 510 U.S. 1109 (1994). If the Plaintiffs' interpretation was correct, the requirement that the employer employ "four or more persons" would be meaningless because any person acting for an employer would be liable as an employer, regardless of the number of employees.

Finally, Plaintiffs rely upon EEOC v. AIC Sec. Investigations, Ltd., 820 F. Supp. 1060 (N.D. Ill. 1993) (denying summary judgment in ADA case), and EEOC v. AIC Sec. Investigations, Ltd., 823 F. Supp. 571 (N.D. Ill. 1993) (joint and several liability for corporation's sole shareholder). That portion of the judgment imposing individual liability on the corporation's sole shareholder was reversed, the Seventh Circuit quite firmly rejecting individual liability under the ADA. AIC, 55 F.3d at 1279-89.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that

Plaintiffs' Motion to Amend Judgment filed June 9, 1998 (doc. 77) is denied.

DATED this 29th day of June 1998 at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Kathryn Hammel, Cates & Hammel, P.C., Los Lunas, New Mexico and Mark Rhodes, Rhodes & Salmon, P.C., Albuquerque, New Mexico for Plaintiffs.

Ray A. Padilla, Ray A. Padilla & Associates, P.A. for Defendants.